# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT BOWERY INC., d/b/a TRUNK ARCHIVE<br><br>     Plaintiff,<br><br>v.<br><br>ZIFF DAVIS, LLC<br><br>     Defendant(s). | Case No. 1:22-cv-8230<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Trunk Archive alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

2. This court has personal jurisdiction over Defendant(s)' because Defendant(s)' actions alleged herein occurred in the state of New York, were directed towards a resident of the state of New York, Defendant(s) caused injury to Plaintiff within the state of New York, and Defendant(s) have a physical presence in the state of New York.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant(s) reside in or

can be found in this district, Defendant(s) conduct regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

4. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive is a Delaware corporation, duly organized by law with a principal place of business in New York. Defendant Ziff Davis LLC ("Ziff Davis") is a Delaware limited liability company with its principal place of business in New York. Ziff Davis has one or more offices and employees in New York, has conducted regular and substantial business throughout New York including this judicial district, and has transacted business with many individuals or businesses residing throughout New York including this judicial district.

5. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

## FACTUAL ALLEGATIONS

6. Plaintiff Trunk Archive is full service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

7. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

8. One of Trunk Archive's most prominent artists is American portrait photographer Annie Leibovitz ("Leibovitz").

9. Leibovitz is one of the world's best known and most accomplished portrait photographers. She is primarily known for her celebrity portraiture and her work has been featured on numerous album covers and magazines.

10. Her work has been exhibited in prominent galleries and museums, including the Smithsonian Institute's National Portrait Gallery in Washington, DC.

11. In 2016, Leibovitz was granted exclusive access to the set of <u>Star Wars: The Last Jedi</u> to shoot character portraits, including a portrait of actress Laura Dern as Admiral Holdo ("Dern Photograph").

12. The Dern Photograph was first published online by Vanity Fair on May 24, 2017, with a "VF" watermark at the bottom right corner and the caption "PHOTOGRAPH BY ANNIE LEIBOVITZ". *See* https://www.vanityfair.com/hollywood/photos/2017/05/star-wars-the-last-jedi-

portraits-annie-leibovitz.

13. A true and correct copy of Leibovitz' Dern Photograph is attached hereto as Exhibit A.

14. Leibovitz registered the Dern Photograph with the United States Copyright Office under registration number VA 2-111-252, dated July 10, 2022.

15. Leibovtiz subsequently granted Trunk Archive the exclusive right to license the Dern Photograph.

16. According to Ziff Davis' main website www.ziffdavis.com/about, Ziff Davis is a "digital media and internet company" with a vast portfolio across many sectors, including shopping, health and cyber security. Ziff Davis has amassed $1.4 billion in revenue in the first two quarters of 2022.

17. Defendant Ziff Davis is and was at all relevant times the owner and operator of the website www.ign.com ("Website").

18. Defendant's Website follows television, movies, and video game news and includes an online storefront to purchase novelty entertainment products. Defendant's Website features extensive advertising on each page.

19. On information and belief, Defendant's Website generates content that promotes its products, services, and to attract user traffic to Defendant's Website and generate business for the company.

20. At all relevant times, the Defendant's Website was readily accessible to the

general public throughout New York, the United States, and the world.

21. On or about March 3, 2022, Trunk Archive discovered that Ziff Davis had used the Dern Photograph in an article titled "*Star Wars: the Last Jedi: Laura Dern's Admiral Holdo is the New Leader of the Resistance*" ("Infringing Post"). A true and correct copy of the Infringing Post featuring Leibovitz' Dern Photograph is attached hereto as Exhibit C.

22. Trunk Archive has never at any point given Ziff Davis a license or other permission to display, distribute or otherwise use the Dern Photograph on Ziff Davis' Website or on any other website or platform.

23. Ziff Davis (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Dern Photograph to the Ziff Davis Website without Trunk Archive's consent or authorization.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 .S.C. § 101 *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Dern Photograph.

26. Plaintiff is informed and believes and thereon alleges that the Defendant(s) willfully infringed upon the copyrighted Dern Photograph in violation of Title 17

of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Dern Photograph without Plaintiff's consent or authority, by using it in the Infringing Post on the Ziff Davis Website.

27. As a result of Defendant(s)' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

28. As a result of the Defendant(s)' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant(s).

29. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant(s) as follows:

a) For a finding that Defendant(s) infringed Plaintiff's copyright interest in the Dern Photograph by copying and displaying it for commercial purposes without a license or consent;

b) For an award of actual damages and disgorgement of all of Defendant(s)' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for

statutory damages against Defendant(s) in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c) For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant(s) from any infringing use of any of Plaintiff's copyrighted works;

d) For costs of litigation and reasonable attorney's fees against Defendant(s) pursuant to 17 U.S.C. § 505;

e) For pre- and post-judgment interests as permitted by law; and

f) For any other relief the Court deems just and proper.


DATED: September 26, 22                Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbeeassociates.com
*Attorney for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff Trunk Archive, hereby demands a trial by jury in the above matter.

DATED: September 26, 22          Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbeeassociates.com
*Attorney for Plaintiff*